[No. 7035.  Decided January 17, 1908.]

THE STATE OF WASHINGTON, *Respondent*, v. EDNA SERIGHT,
*Appellant.*[1]

INDICTMENT AND INFORMATION—TIME FOR FILING—DISMISSAL FOR
DELAY—TIME FOR MOTION.  Under the statute requiring the dismissal
of a criminal prosecution if an indictment is not found or informa-
tion filed within thirty days after the holding of the person, the
motion for dismissal must be made at the time the accused is called
to plead; since such dismissal is not a bar to another prosecution,
and the objection is waived by pleading and going to trial.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered March 22, 1907, upon a
trial and conviction of aiding and assisting in the crime of
rape.  Affirmed.

*Nuzum & Nuzum*, for appellant.

*R. M. Barnhart*, and *A. J. Laughon*, for respondent.

FULLERTON, J.—The appellant was informed against, tried
and convicted for aiding and assisting one John Grim in the
commission of the crime of rape.  From the sentence pro-
nounced against her, she appeals.  It appears that the ap-
pellant was first arrested on October 17, 1906, on a warrant
issued by a committing magistrate.  An examination was held
on the charge on October 17, 1906, at which time the magis-
trate found that there was reasonable cause to believe her
guilty of the crime charged, and bound her over to answer to
the superior court of Spokane county whenever the same

[1]Reported in 93 Pac. 521.

should be prosecuted, ordering her to enter into a recognizance with sufficient sureties for her appearance therein in a penal sum named and stand committed until such recognizance was furnished. She did not enter into the recognizance and was committed to the county jail. An information was filed against her in the superior court on January 5, 1906. At that time she was brought before the court, arraigned on the information, and asked if she was ready to plead thereto. Thereupon she pleaded not guilty, and the cause was set down to be tried on January 14, 1907. On that day the court continued the cause until January 17, 1907. On January 17, she filed a motion asking that the cause be dismissed because the information was not filed against her within thirty days after she had been held to. answer. The motion was denied, whereupon a trial was had with the result before stated. The ruling of the court on the motion to dismiss constitutes the only error assigned on this appeal.

The statute relating to persons held to answer to a criminal charge provides that if an indictment be not found or an information filed against a person so held within thirty days after the time the order holding the person is made, "the court must order the prosecution dismissed, unless good cause to the contrary be shown."

It is the appellant's contention that the failure to find an indictment or file an information within the time prescribed subjects the prosecution to a dismissal whenever a motion is made therefor, no matter at what stage of the case or what proceeding may have intervened between the filing of the indictment or information and the time of the notice, unless the state, at the time the motion is made, shows good cause for the delay. But we think this not the true meaning of the statute. Unquestionably, a person bound over to answer to a criminal charge may, after thirty days from that time, have the proceedings dismissed on motion if no indictment is found or information filed against him, unless good cause

for the delay be shown, and this right continues until the actual finding of the indictment or filing of the information, and it may be that the right exists when the defendant is called upon to plead to an indictment found or information filed after the thirty days, but the right is waived if not exercised before or at the time he is so called upon to plead. This follows from the nature and purpose of the statute itself. It is manifest that its sole purpose was to procure for the accused a speedy trial; to enable him to compel the prosecuting officer to proceed against him within the time fixed or else dismiss the proceedings brought against him.

But a dismissal under such circumstances does not operate as a bar to another prosecution for the same offense, nor would a discharge compel the prosecuting officer to commence anew before a committing magistrate. On the contrary, the prosecuting attorney may file such an information in the court before which he was bound over to appear, at once upon the dismissal of the original proceeding, without violating any of the accused's rights. There would be little reason then in holding the statute mandatory in the sense that the original lapse entitled the defendant to a dismissal at any stage of the proceedings he might ask for it. If he can exercise the right just before the trial, so he may during the trial, and after a verdict of the jury finding him guilty. This would be to give the statute an effect directly opposite to that the legislature intended it should have, it would make it a means of delaying the final disposition of the case when it was intended to hasten that event.

The motion therefore came too late, and the court did not err in refusing to grant it.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, MOUNT, CROW, ROOT, and DUNBAR, JJ., concur.