[No. 7224.   Decided September 12, 1908.]

THE STATE OF WASHINGTON, *Respondent*, v. G. M.
FLETCHER, *Appellant*.[1]

INDICTMENT AND INFORMATION—TIME FOR FILING—EXCUSE FOR DELAY. The accused is not entitled to a dismissal of the charge for failure of the prosecuting attorney to file the information within thirty days, where the delay was requested by counsel authorized to represent the accused, such being a sufficient excuse, within Bal. Code, § 3276 and within the rule that the burden of showing good cause rests upon the prosecuting attorney.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered April 7, 1906, refusing a discharge in habeas corpus, after a hearing on the merits. Affirmed.

*S. S. Bassett* and *John C. Kleber*, for appellant.

*R. M. Barnhart* and *A. J. Laughon*, for respondent.

MOUNT, J.—This appeal is from an order of the lower court denying appellant's application for discharge upon a. writ of *habeas corpus*. It appears that the appellant was charged with the crime of embezzlement, before a justice of the peace in Spokane county. On February 21, 1906, the

[1]Reported in 97 Pac. 242.

appellant waived a preliminary examination and was bound over to appear before the superior court of that county. No information was filed against him within thirty days, and on April 14, 1906, appellant applied to the superior court for release upon *habeas corpus* for that reason. For return to the writ it was shown that an information had not been filed because counsel who at that time was representing appellant had, with the knowledge and consent of appellant, requested the prosecuting attorney not to do so, because the charge might be disposed of without a trial, and that the prosecuting attorney upon these representations had granted the request, and had not filed the information. On this return being made, the court treated the application for the writ as a motion to dismiss, and after hearing evidence orally and by way of affidavits, denied the application, but required the prosecuting attorney to file an information on or before April 9, 1906, charging appellant with the crime named. Afterwards the information was filed, and the appellant was tried and convicted of the charge, and sentenced to a term in the penitentiary.

The only question presented here is whether the court erred in refusing to discharge the appellant. The statute, Pierce's Code, § 1530 (Bal. Code, § 3276), provides:

"When a person has been held to answer, if an indictment be not found or information filed against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

The burden of showing good cause rests upon the prosecuting attorney. *State v. Lewis*, 35 Wash. 261, 77 Pac. 198; *State v. Seright*, 48 Wash. 307, 93 Pac. 521. In the last-named case we said:

"But a dismissal under such circumstances does not operate as a bar to another prosecution for the same offense, nor would a discharge compel the prosecuting officer to commence anew, before a committing magistrate. On the contrary, the

prosecuting attorney may file such an information in the court before which he was bound over to appear, at once upon the dismissal of the original proceeding, without violating any of the accused's rights."

In view of this rule, it is not apparent how the appellant has been aggrieved, even if the court erred in refusing to dismiss the action. We think, however, that the court did not err in refusing to discharge the appellant. It appeared that the prosecuting attorney had not filed the information because he was requested not to do so by an attorney, Mr. Brooks, who at that time was acting for the appellant in good faith and with the knowledge of the appellant. The authority of Mr. Brooks is questioned, but there is ample evidence to show that he was acting on behalf of the appellant and with appellant's knowledge and in entire good faith. The cause shown was therefore sufficient.

The order appealed from must be affirmed, and it is so ordered.

HADLEY, C. J., ROOT, and CROW, JJ., concur.

RUDKIN and FULLERTON, JJ., took no part.