Billy Kindred CROTTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 41455.

Court of Criminal Appeals of Texas.

Oct. 9, 1968.

Rehearing Denied Nov. 13, 1968.

Ross Hardin, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Reese, Charles Caperton, Camille Elliott, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is the possession of a narcotic drug, marihuana; the punishment, ten years.

The appellant did not comply with the requirements of Sec. 9 of Art. 40.09, Vernon's Ann.C.C.P., in that his brief fails to separately set forth with specificity each ground of error of which he desires to complain on appeal.

The following matters will be considered under the provisions of Section 13 of Art. 40.09, supra:

The appellant attacks the affidavit to the search warrant on the ground that it is insufficient to show probable cause for the issuance of the warrant.

■ The affidavit recites that affiants: "do solemnly swear that heretofore, on or about the 19 day of July A.D., 1964, * * * Donald Glenn Pomeroy and/or persons unknown did then and there unlawfully possess a narcotic drug, to-wit: marihuana,

* * * that said narcotic drugs are now concealed by Donald Glenn Pomeroy and/or persons unknown * * * at 7641 Eastern Avenue, City of Dallas. * * * We have been informed of the existence of the foregoing set out facts by reliable, credible and trustworthy citizen of Dallas, Dallas County, Texas, (B) and further (9) that we received the information from a confidential informant. That we have received information from this subject in the past and the information has always been true and correct. That this subject saw Donald Glenn Pomeroy and unknown persons smoke marihuana at 7641 Eastern Avenue recently. That we know Donald Glenn Pomeroy to be a user of marihuana and that he was indicted in 1960 for possession of marihuana."

It is concluded that sufficient facts were presented to the magistrate to establish that probable cause did exist and authorized the magistrate to issue the search warrant. Acosta v. State, Tex.Cr.App., 403 S.W.2d 434; Bosley v. State, Tex.Cr.App., 414 S.W.2d 468; Slaton v. State, Tex.Cr. App., 418 S.W.2d 508; Sutton v. State, Tex.Cr.App., 419 S.W.2d 857. The appellant's contention is overruled.

It is insisted that the trial court erred in not requiring the state to disclose the identity of the affiant's informer.

■ When the issue is not the guilt or innocence, but the probable cause for the search, and there is no evidence that the informer had taken a material part in the commission of the offense, or was present when it was committed, or might have been a witness to its commission, the informer's identity is not required to be revealed. Acosta v. State, supra; Bosley v. State, supra; Slaton v. State, supra.

There is no showing in the record of any fact which would require the revealing of the identity of the informer. No error is shown.

The judgment is affirmed.