[No. 785-1.    Division One—Panel 1.    December 20, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. HARVEST ED-
WARDS *et al., Appellants.*

*James A. Alfieri,* for appellants.

*Christopher T. Bayley, Prosecuting Attorney,* and *Patri-
cia G. Harber, Deputy,* for respondent.

UTTER, J.—Harvest and Estelle Edwards appeal from a
judgment and sentence in a case tried to the court finding
them guilty of violating the Uniform Narcotic Drug Act.

Appellants assign as error the court's failure to dismiss
the information on two grounds: the first is the prosecu-
tion's failure to file the information within 30 days after
their arrest; the second is the state's failure to bring them
to trial within 60 days after the information was filed.
Error is also assigned to the court's denial of a motion by

appellants for an order directing disclosure of the name of an alleged confidential informant in regard to the validity of the search warrant. We hold the trial court acted properly and affirm the judgment.

An informant told the Seattle Police Department that he and another man bought heroin from Harvest Edwards at the Edwards' home on October 29, 1969. On the following day, the Edwards' home was kept under surveillance and on October 31, a search warrant was obtained. Appellants' home was entered late in the afternoon of that day and heroin was found in their home and car. A complaint was filed in Seattle District Justice Court on November 3, 1969, charging the appellants with violation of the Uniform Narcotic Drug Act, and they were released at that time on bail.

The preliminary hearing was held on November 24, 1969, where the state presented testimony. The matter was then set over for disposition in justice court until December 17, 1969, by agreement of counsel. On December 17, in justice court, a motion to bind the matter over for trial in superior court was made. At that time, counsel for appellants requested the prosecuting attorney's chief deputy to look into certain allegations made against the Narcotics Unit of the Seattle Police Department regarding their investigation and handling of the case. The deputy did investigate the charges and found them to be groundless.

The case was then misfiled in the prosecuting attorney's office and no further action was taken until March of 1970. At that time, the deputy handling the case called counsel for the appellants and informed him the matter would be quickly bound over for trial in superior court. Appellants' counsel again requested the prosecutor's office to delay filing charges until an investigation could be made into an alleged visit to the Edwards' home by an ex-narcotics officer. A written report was submitted to the prosecutor's office on March 31, 1970. On April 2, 1970, the case was bound over to superior court. Appellants were arraigned on April 9, 1970, and informed they had a right to be tried within 60 days of the filing of the information. Their attor-

ney specifically waived this right and requested a longer period of time to enable him to more adequately prepare. A trial date was set for June 15, 1970, although earlier dates were available.

The appellants first moved for dismissal on June 4, 1970, based upon the failure to be accorded a speedy trial. The motion was heard as part of the pretrial hearings conducted by the court on the date of trial, June 15. At that hearing, the court stated, "I am ruling at this time that the speedy trial has not been delayed although the case should be put over to allow Mr. Anderson [a missing witness] to be found and I am going to continue the case until next Monday morning at 9:30 for trial." Subsequently, but before the close of the state's case, counsel for appellants located the missing witness.

Appellants' contentions involve the application of two statutes.

> Whenever a person has been held to answer to any criminal charge, if an indictment be not found or information filed against him within thirty days, the court shall order the prosecution to be dismissed; unless good cause to the contrary be shown.

RCW 10.37.020.

> If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown.

RCW 10.46.010.

RCW 10.37.020 is not self-actuating. Our court has held the right to have the indictment or information filed within 30 days is waived if not exercised before or at the time the defendant is called upon to plead. *State v. Seright*, 48 Wash. 307, 93 P. 521 (1908). The court reasoned that it was "manifest that its [the statute's] sole purpose was to procure for the accused a speedy trial; to enable him to compel the prosecuting officer to proceed against him

within the time fixed or else dismiss the proceedings brought against him." The court further noted that if the right was not exercised prior to trial, inasmuch as a dismissal of the charges is without prejudice, a motion for dismissal made at a later time would make this statute "a means of delaying the final disposition of the case when it was intended to hasten that event." *State v. Lorenzy*, 59 Wash. 308, 109 P. 1064 (1910). The Edwardses did not move, prior to the plea, to enforce this statute. In addition, it would appear the delay in filing the information in superior court was caused, in part, by the request for delay by appellants' attorney. Appellants are not entitled to dismissal under RCW 10.37.020. *State v. Fletcher*, 50 Wash. 303, 97 P. 242 (1908).

■ The language of RCW 10.46.010 does not compel a dismissal under the facts of this case. Here, appellants were advised of the 60-day rule at the time of arraignment in superior court on April 9, 1970, but their attorney specifically waived the benefit of the rule and requested the trial date be set for June 15, 1970. The right of speedy trial protects the defendant only against arbitrary, oppressive or prejudicial delays which engender an unfair trial. Whether or not there is a speedy trial must be determined in light of the circumstances of each particular case, and a lapse of time is not sufficient to warrant the conclusion that there has not been a speedy trial. *State v. Brewer*, 73 Wn.2d 58, 436 P.2d 473 (1968); *State v. Alter*, 67 Wn.2d 111, 406 P.2d 765 (1965); *State ex rel. Orcutt v. Simpson*, 125 Wash. 665, 216 P. 874 (1923). Here there was a clear waiver of the benefit of the rule by appellants and their counsel.

■ Appellants' request to have the identity of the confidential informant disclosed would enable appellants to subpoena him for the purpose of attacking the search warrant. Appellants do not seek the disclosure of the confidential informant to assist in his determination of guilt or innocence of the crime charged. In a hearing before the trial judge, the court took evidence and made a specific

finding that the disclosure of the informant's name would cause him to be in danger.

Appellants cite *Roviaro v. United States*, 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957) as compelling the disclosure of the name of the informant. *Roviaro* recognized the purpose of the informer's privilege as the furtherance and protection of the public interest in effective law enforcement insofar as it encouraged citizens to communicate their knowledge of the commission of crimes to law enforcement officials, but preserved their anonymity. In limiting the privilege to its underlying purpose, the court noted the applicability of the privilege arose from the fundamental requirement of fairness and where disclosure of an informer's identity is relevant and helpful to the defense of an accused or is essential to the fair determination of a cause, the privilege must give way. The problem is, as the court noted, "one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. . . . [and] proper balance . . . must depend on the particular circumstances of each case."

The *Roviaro* case involved the informer's privilege at the trial itself, where the issue was the fundamental one of innocence or guilt. The petitioner there had been brought to trial upon a 2-count federal indictment charging sale and transportation of narcotics. According to the prosecution's evidence, the informant had been an active participant in the crime, had taken a material part in bringing about the possession of certain drugs by the accused and had been present with the accused at the occurrence of the alleged crime. The Supreme Court pointed out the informer's testimony was relevant because the testimony might have disclosed an entrapment, thrown doubt upon the petitioner's identity or the identity of the package, might have shown petitioner's lack of knowledge of the contents of the package that he had transported and might have shown the informer was the sole participant, other than the accused, in the transaction charged. The court concluded prejudicial

error was committed by the trial court in permitting the government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure.

In *McCray v. Illinois*, 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967), the Supreme Court refused to require disclosure of a confidential informant at a preliminary hearing and distinguished *Roviaro*, noting the court was "unwilling to impose any absolute rule requiring disclosure of an informer's identity even in formulating evidentiary rules for federal criminal trials" and refused to overrule an order of an Illinois court which permitted officers to withhold an informant's identity when the court was requested to require disclosure of a confidential informant during a preliminary hearing.

The court emphasized there is no way to test the good faith of a defendant who presses the demand for the disclosure of the informant. Any absolute rule requiring disclosure in all cases would lead to a result in which the state could use the informant's information only as a lead and could search only when it could gather adequate evidence of probable cause, apart from the informant's data.

The court rejected such an approach which ruled out the use of informants and noted, " 'Rather we accept the premise that the informer is a vital part of society's defensive arsenal. The basic rule protecting his identity rests upon that belief.' " The court, noting why disclosing an informant's identity is not of critical importance at the stage where probable cause for an arrest or search is being examined, indicated a judicial mind has passed upon the existence of probable cause to issue a search warrant and a magistrate is concerned, not with whether the informant lied, but with whether the affiant is truthful in his recitation of what he was told. If the magistrate doubts the credibility of the affiant, he may require that the informant be identified or even produced.

Where the issue is not the guilt or innocence of the defendant, but rather the validity of the search warrant,

disclosure has not been required. *Rugendorf v. United States*, 376 U.S. 528, 11 L. Ed. 2d 887, 84 S. Ct. 825 (1964); *United States v. Whiting*, 311 F.2d 191 (4th Cir. 1962); *State v. Massey*, 68 Wn.2d 88, 411 P.2d 422 (1966); *State v. Evans*, 1 Ore. App. 489, 463 P.2d 378 (1970); *Crotts v. Texas*, 432 S.W.2d 921 (Tex. Crim. App. 1968). Appellants' contention of an illegal search is without foundation. They allege no facts that would lead a court to conclude there were grounds to support this contention and, on the contrary, there is independent evidence which supports the affidavit of the law enforcement officers in obtaining the warrant. Dicta from *State v. Malbeck*, 69 Wn.2d 695, 419 P.2d 805 (1966), cited by appellants, states that when the accused makes some showing of a need for disclosure of an informant's identity, the trial court should know the prosecutor's reason for resisting disclosure. In the present case, evidence was presented to support the trial court finding the life of the confidential informant would be in danger if his identity were disclosed. We find no abuse of discretion by the trial court in refusing to order the disclosure of the name of the confidential informant.

The judgment of the trial court is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied January 17, 1972.

Review denied by Supreme Court February 24, 1972.