[No. 2444-1.   Division One.   July 1, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANCINE GOODLOW, *Appellant.*

*Peterson, Bracelin, Creech & Young* and *William R. Creech,* for appellant (appointed counsel for appeal).

534

*Christopher T. Bayley, Prosecuting Attorney,* and *Jonathan B. Noll, Deputy,* for respondent.

FARRIS, J.—Francine Goodlow was arrested when a search pursuant to a search warrant revealed that she possessed a controlled substance. At her pretrial omnibus hearing, she attempted to challenge the affidavit which supported the search warrant. An offer of proof was made which, if believed, would have shown that the facts as supplied by an undisclosed informant to the affiant, a Seattle police officer, were either false or materially inaccurate. The trial court rejected the offer of proof. Goodlow was tried and convicted for violating the Uniform Controlled Substances Act. She appeals; we affirm.

The sole issue on appeal is whether the affidavit supporting a search warrant can be challenged as being false or containing material inaccuracies and, if so, under what circumstances.

This question has not been definitively decided in this jurisdiction, although in *State v. Hink,* 6 Wn. App. 374, 377, 492 P.2d 1053 (1972), the court stated:

> Neither false affidavits nor material inaccuracies necessary to a determination of probable cause can be sanctioned or condoned. However, this court will not strike down a warrant based upon a good faith affidavit which contains a misstatement that is only of peripheral relevancy.

*See also State v. Lehman,* 8 Wn. App. 408, 506 P.2d 1316 (1973). The United States Supreme Court has not yet decided the question, but some jurisdictions allow such attacks. *See United States v. Damitz,* 495 F.2d 50 (9th Cir. 1974); *United States v. Marihart,* 492 F.2d 897 (8th Cir. 1974); *United States v. Thomas,* 489 F.2d 664 (5th Cir. 1973); *United States v. Carmichael,* 489 F.2d 983 (7th Cir. 1973); *United States v. Rael,* 467 F.2d 333 (10th Cir. 1972); *United States v. Dunnings,* 425 F.2d 836 (2d Cir. 1969); *State v. McManus,* 12 Ore. 84, 517 P.2d 250 (1973).

■    We adopt the rules as stated in *United States v. Carmichael*, 489 F.2d 983, 988 (7th Cir. 1973):

> We now hold that a defendant is entitled to a hearing which delves below the surface of a facially sufficient affidavit if he has made an initial showing of either of the following: (1) any misrepresentation by the government agent of a material fact, or (2) an intentional misrepresentation by the government agent, whether or not material. . . .
>
> However, once such a hearing is granted, more must be shown to suppress the evidence. Evidence should not be suppressed unless the trial court finds that the government agent was either recklessly or intentionally untruthful. A completely innocent misrepresentation is not sufficient . . .
>
> . . . [E]vidence should not be suppressed unless the officer was at least reckless in his misrepresentation. Even where the officer is reckless, if the misrepresentation is immaterial, it did not affect the issuance of the warrant and there is no justification for suppressing the evidence. . . . However, we conclude that if deliberate government perjury should ever be shown, the court need not inquire as to the materiality of the perjury. . . .
>
> The rule we announce today is intended only to test the credibility of government agents whose affidavits or testimony are before the magistrate. The two-pronged test of Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 . . . sufficiently tests the credibility of confidential informers. Consequently, defendant may not challenge the truth of hearsay evidence reported by an affiant. He may, after a proper showing, challenge any statements based on the affiant's personal knowledge, including his representations concerning the informer's reliability, his representation that the hearsay statements were actually made, and his implied representation that he believes the hearsay to be true.

*See also United States v. Damitz, supra.*

■    The record before us reveals that the defense offered to show that the information given by an undisclosed informant to the affiant police officer was false or materially inaccurate, but failed to allege or make a sufficient

showing that: (1) there was any misrepresentation by the police officer of a material fact, or (2) there was an intentional misrepresentation by the police officer, whether or not material. In the absence of such a showing, the trial court did not err in rejecting the offer of proof. The affidavit need only establish probable cause for making further police inquiry. It is only the probability of criminal activity and not a prima facie showing of it which represents the standard of probable cause. *See State v. Patterson*, 83 Wn.2d 49, 515 P.2d 496 (1973). The two-pronged test of *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964), provides adequate safeguards for the accused. We find nothing which makes it either necessary or desirable to expand that requirement.

Affirmed.

HOROWITZ and WILLIAMS, JJ., concur.

Petition for rehearing denied September 24, 1974.

Review denied by Supreme Court November 4, 1974.