[No. 1188-2.    Division Two.    July 2, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v.    ANDREW CLAY SEWELL *et al., Appellant.*

*William H. Fraser,* for appellants.

*John D. Merkel, Prosecuting Attorney,* and *Warren K. Sharpe, Deputy,* for respondent.

PEARSON, C.J.—Andrew C. and Dorothy M. Sewell appeal from their convictions on four counts each of possession of controlled substances. They assign error to the trial court's denial of a motion to suppress evidence, and to the denial of a motion seeking disclosure of an informant's identity.

The relevant facts are as follows. On April 25, 1973, Officer John Stonehouse of the Bremerton Police Department submitted an affidavit to a judge of the Kitsap County Superior Court, seeking a warrant to search the Sewell residence. In this affidavit, he put forth information calculated to show that an informant had purchased controlled substances at the Sewell house on April 24, 1973, and described circumstances which supported his conclusion that the informant was reliable.

For this latter purpose, Officer Stonehouse described in the affidavit three earlier "controlled buy" situations, wherein the informant, after having been searched by Stonehouse, entered various residences and purchased narcotics. It was this procedure which had been followed on April 24 at the Sewell house.

On the basis of these representations, the warrant was issued on April 25. It was executed that day, and resulted in the seizure of various controlled substances.

The defendants based their motion to suppress upon what they allege to be material factual inaccuracies in Officer Stonehouse's affidavit, upon which the issuance of the warrant was based. The affidavit contains a single conceded inaccuracy. In describing in the affidavit the three previous successful "controlled buys" which attested to the general reliability of his informant, Officer Stonehouse erroneously stated that the third one (occurring on April 12, 1973) had been conducted under his direction and control. In fact, as Stonehouse stated at the hearing on the motion to suppress, that particular buy had been controlled by another officer whom Stonehouse had been in radio contact with at the time. This misstatement in the affidavit was found by the trial court to have been made in good faith, albeit negligently.

■ Material factual inaccuracies in an affidavit upon which a search warrant is based may invalidate a finding of probable cause to issue the warrant. *State v. Lehman,* 8 Wn. App. 408, 506 P.2d 1316 (1973); *State v. Hink,* 6 Wn. App. 374, 492 P.2d 1053 (1972); *Rugendorf v. United States,* 376 U.S. 528, 11 L. Ed. 2d 887, 84 S. Ct. 825 (1964).

As said in *State v. Hink, supra,* however:

> Neither false affidavits nor material inaccuracies necessary to a determination of probable cause can be sanctioned or condoned. However, this court will not strike down a warrant based upon a good faith affidavit which contains a misstatement that is only of peripheral relevancy. *Rugendorf v. United States,* 376 U.S. 528, 11 L. Ed. 2d 887, 84 S. Ct. 825 (1964).

*State v. Hink, supra* at 377; *see also State v. Goodlow,* 11 Wn. App. 533, 523 P.2d 1204 (1974).

The affidavit in this case was incontestably made in good faith. Moreover, the conceded misstatement was clearly of peripheral relevancy. Even when the affidavit is weighed exclusive of the misstated information, it conveys reasonable grounds for the officer's belief in the reliability of his informant, and the defendants do not contend otherwise. Moreover, we are of the opinion that the information concerning the third "controlled buy" test of the informant, while in form a good faith misstatement, in effect relates information possessed by other police officers which the issuing judge would be entitled to consider. Accordingly, the trial court properly denied the motion to suppress the product of the search.

■ Defendants sought disclosure of the identity of the informant solely to pursue their attack on the question of probable cause to search. It has been repeatedly held that disclosure of the informant's identity is not required where the issue is the existence of probable cause for the search, rather than questions bearing upon the guilt or innocence of the accused, especially in light of the valid reasons for nondisclosure which appear in the record. *State v. White,* 10 Wn. App. 273, 518 P.2d 245 (1973); *State v. Lehman,*

*supra*; *State v. Edwards*, 6 Wn. App. 109, 491 P.2d 1322 (1971).

Judgment affirmed.

PETRIE and ARMSTRONG, JJ., concur.

Petition for rehearing denied July 29, 1974.