[No. 6491-1. Division One. April 16, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID CHARLES SWEET, ET AL, *Appellants.*

*William R. Levinson* (*Bailey, Olstad & Rieke, D. Lawrence Olstad, J. W. Savage,* and *Phillip M. Margolin* of counsel), for appellants.

*Norm Maleng, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

WILLIAMS, J.—David Charles Sweet and Barrett Winthrop Coughlan were charged by information with violation of the Uniform Controlled Substances Act, RCW 69.50.401(a). Trial to the court without a jury upon stipulated facts resulted in a judgment of guilty as to both defendants. On their appeal, we affirm.

The facts are that Sweet and Coughlan brought luggage to an Eastern Airlines check–in counter at the airport in

Orlando, Florida, in anticipation of a flight to Seattle. Airline employees became suspicious of the two because of their behavior, appearance, and luggage which was new and light for its size. After Sweet and Coughlan had been processed and departed, the employees opened two of the suitcases, finding garbage bags smelling strongly of marijuana. The employees reported the information to the police, who notified Seattle police. When luggage matching the description given by the Orlando police arrived at the Seattle–Tacoma Airport, a trained United States Customs dog signaled the presence of marijuana. As Sweet and Coughlan, who matched the description given by the Orlando police, claimed the luggage, the Seattle police requested permission to search it, but were refused. The bags were secured and a search warrant obtained, resulting in the discovery of a large quantity of marijuana.

■ Sweet and Coughlan argue that the evidence found in the luggage should have been suppressed because the airline employees in Orlando acted illegally. The exclusionary rule they seek to invoke applies only to actions of agents of the government, not to actions of private citizens. *Burdeau v. McDowell,* 256 U.S. 465, 65 L. Ed. 1048, 41 S. Ct. 574 (1921); *State v. Birdwell,* 6 Wn. App. 284, 492 P.2d 249, *cert. denied,* 80 Wn.2d 1009, *cert. denied,* 409 U.S. 973, 34 L. Ed. 2d 237, 93 S. Ct. 346 (1972). A search of luggage by an airline carrier's employee is ordinarily a private action outside the scope of the Fourth Amendment. *State v. Wolfe,* 5 Wn. App. 153, 486 P.2d 1143, *cert. denied,* 80 Wn.2d 1002 (1971); *State v. Birdwell, supra.* It is a police action only if the employee is acting in concert with or at the direction of law enforcement authorities. When the employee acts on his own initiative without official instigation or knowledge, the search is private. *Lustig v. United States,* 338 U.S. 74, 93 L. Ed. 1819, 69 S. Ct. 1372 (1949); *State v. Agee,* 15 Wn. App. 709, 552 P.2d 1084 (1976), *aff'd on other grounds,* 89 Wn.2d 416, 573 P.2d 355 (1977).

No evidence was adduced that the airline employees were acting as agents of or in concert with law enforcement

authorities. In itself, a mere purpose to aid the government is insufficient to transform an otherwise private search into a government search. *United States v. Newton,* 510 F.2d 1149, 1153 (7th Cir. 1975).

■ Sweet and Coughlan next argue that the airlines are an arm of the government for the purpose of searching luggage because of their involvement in the anti–hijacking program. The question of governmental involvement in a search should be determined upon the circumstances of each case. *United States v. Freeland,* 562 F.2d 383, 385 (6th Cir.), *cert. denied,* 434 U.S. 957, 54 L. Ed. 2d 315, 98 S. Ct. 484 (1977). The anti–hijacking program was begun and coordinated by federal officials directly involving airline personnel, *United States v. Davis,* 482 F.2d 893 (9th Cir. 1973), but there is no proof that the government was similarly using airline employees to assist in the discovery of contraband.

■ Sweet and Coughlan also argue that the affidavit supporting the application for the search warrant in Seattle contained misrepresentations requiring suppression of the evidence seized. A defendant may challenge false or inaccurate statements in the warrant affidavit. *State v. Goodlow,* 11 Wn. App. 533, 523 P.2d 1204 (1974). Since the decision in that case, the United States Supreme Court, in *Franks v. Delaware,* 438 U.S. 154, 171, 57 L. Ed. 2d 667, 98 S. Ct. 2674, 2685, (1978) has had this to say on the subject:

> There is . . . a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross–examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence

or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.

(Footnote omitted.)

In substance, the trial court followed this procedure although *Franks* had not then been handed down. When the affidavit was shown to contain certain misstatements, the court granted a full evidentiary hearing. With the misstatements eliminated, the information remaining proved to be specific and detailed, providing a substantial basis for issuance of the warrant. There was an adequate showing going beyond mere suspicion and personal belief that criminal acts had taken place and that contraband would be found in the luggage. *State v. Patterson,* 83 Wn.2d 49, 515 P.2d 496 (1973).

Affirmed.

SWANSON and RINGOLD, JJ., concur.

Reconsideration denied June 21, 1979.

Review denied by Supreme Court September 21, 1979.