[No. 7452–1–I.   Division One.   March 31, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. BRYCE BYRON LARSON, *Appellant*.

*John W. Lundin,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *William H. Redkey, Jr., Deputy,* for respondent.

SWANSON, J.—Bryce Byron Larson appeals his conviction of a violation of the Uniform Controlled Substances Act (possession of cocaine), following a bench trial on stipulated facts. He contends the trial court erred in (1) refusing to require disclosure of a confidential informant's identity or hold an in camera hearing to decide whether such disclosure was necessary, (2) refusing to conduct an evidentiary hearing into probable cause for the issuance of a search warrant, (3) not requiring disclosure of all information about a heroin sale allegedly observed by the informant, and (4) refusing to find a violation of the "knock and announce" rule. We affirm.

On April 28, 1978, at about 6:30 a.m., police officers executed a search warrant at Larson's Issaquah residence. The warrant had been issued shortly before midnight on April

27, 1978, on a police detective's affidavit stating that a reliable confidential informant had been inside Larson's residence within the preceding 24 hours, had observed quantities of heroin, marijuana, and hashish there, and had seen Larson sell heroin "to a person who came to the residence requesting same."

When they approached Larson's house to execute the search warrant, two officers were kept 10 or 15 feet from the front door by a large barking dog. A woman in the house then came to a window next to the front door, looked at the officers, and stepped away from the window. The woman testified at an evidentiary hearing prior to trial that the two officers, who were in civilian clothes, never identified themselves. The officers testified that one of them held up his badge, verbally identified himself and his companion, and told the woman to open the door. When she did not comply, 8 to 10 seconds later, according to the woman, or about 1 minute later, according to the officers, the officers instructed two other officers to enter the house through a side door. Those officers forced open the side door and all four officers entered the house. A search of the house uncovered a variety of controlled substances but no heroin. Larson was arrested and charged with possession of controlled substances.

At the evidentiary hearing before trial, Larson challenged the probable cause for issuance of the search warrant. He denied possessing or selling heroin in his residence and offered reports of polygraph examinations for corroboration. He testified he was alone in his house on April 26 and that only four other people had been in his home on April 27. Three of these people testified at the evidentiary hearing. The other submitted an affidavit that was considered by the trial court. All denied being the confidential informant in this case, denied seeing heroin or other controlled substances at Larson's home on April 27, and denied any knowledge of a heroin sale in the home on that date. Together, the four people accounted for a total of 8 1/2 to 9 hours of Larson's time on April 27, 1978.

Larson moved for disclosure of the informant's identity and for a hearing into the allegations in the search warrant affidavit. He also moved for suppression of the evidence seized during the search of his home on the basis of alleged misrepresentations in the affidavit and an alleged violation of the "knock and announce" rule. The trial court denied all of Larson's motions, refused introduction of his polygraph reports, and did not permit Larson's counsel to question the affiant officer about many of the informant's activities in this case, including whether the informant made the alleged purchase of heroin described in the affidavit.

Larson contends on appeal that the trial court should have required disclosure of the informant's identity or, at the least, have conducted an in camera hearing to decide whether disclosure was necessary. We disagree with the defendant's contention.

The government's privilege to withhold disclosure of an informant's identity must give way when disclosure is relevant or helpful to the defense of an accused or essential to a fair determination of a cause. *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957). Larson argues disclosure is required here for three reasons. First, he contends the evidence suggests the search warrant affiant lied about the existence of an informant. Disclosure of the informant's identity could confirm this suspicion. If the affiant lied, under *Franks v. Delaware,* 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978), the warrant would be voided and the fruits of the search suppressed. Second, Larson argues that disclosure of the informant's identity could reveal that the informant was one of the four persons he contends were the only visitors in his home on April 27, 1978. If so, the informant lied under oath. The prosecutor knew or should have known this and had the duty to inform the court of the perjury. Neither of these contentions satisfies the *Roviaro* test. Their resolution in Larson's favor might tend to indicate a lack of probable cause for issuance of the search warrant or prosecutorial misconduct.

Neither contention, however, bears on Larson's guilt or innocence and, thus, neither is sufficient to require disclosure of the informant's identity. *State v. Sewell,* 11 Wn. App. 546, 524 P.2d 455 (1974). Larson's third contention on this issue is that the informant, if one existed, probably planted the controlled substances in his house. If so, the informant would, indeed, have information bearing on Larson's guilt or innocence. This allegation, however, is based on sheer speculation; Larson made no offer of proof in its support. Such an unsupported allegation is an insufficient reason for requiring disclosure of an informant's identity. To hold otherwise would effectively eliminate the informer's privilege. *See Miller v. United States,* 273 F.2d 279, 281 (5th Cir. 1959).

Larson's arguments are insufficient even to raise a need for an in camera hearing. An in camera hearing is the "preferred method" for deciding whether disclosure of an informant's identity is required under *Roviaro. State v. Harris,* 91 Wn.2d 145, 150, 588 P.2d 720 (1978). An in camera hearing, however, is not required in every case in which the defendant seeks to learn an informant's identity. Before an in camera hearing is necessary, the defendant must offer evidence, beyond mere speculation, that the informant could confirm or refute the State's case against the defendant, by showing, for example, that the informant was a material witness to or a participant in the crime with which the defendant is charged. *State v. Potter,* 25 Wn. App. 624, 611 P.2d 1282 (1980). *See State v. Harris, supra.*

Larson next argues that the trial court erred by refusing to conduct an evidentiary hearing into probable cause for the issuance of the search warrant. Again we disagree with the defendant's contention.

A defendant is entitled to a hearing that delves below the surface of a facially sufficient affidavit for a search warrant if he has made an initial showing of a misrepresentation by a government agent of a material fact or an intentional misrepresentation by a government agent of

any fact. *State v. Goodlow,* 11 Wn. App. 533, 523 P.2d 1204 (1974). Such an initial showing must include allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. *Franks v. Delaware, supra; State v. Sweet,* 23 Wn. App. 97, 596 P.2d 1080 (1979).

Larson failed to make a sufficient initial showing of misrepresentations by a government agent. Larson's polygraph statements and testimony call into question the truthfulness of the informant but not that of the affiant police officer. Under *Franks v. Delaware, supra,* the statements of the governmental agent must be challenged before an evidentiary hearing is mandated. The statements by Larson's witnesses that they were not the informant and did not see heroin in Larson's residence are likewise insufficient to create the requirement for an evidentiary hearing under *Franks. Franks* requires a "substantial" showing of misrepresentation by the governmental agent. *Franks,* at 171. The denials of these four people, who were with Larson for a maximum of 9 hours on the day covered by the search warrant affidavit, are insufficient to raise a substantial belief that the affiant officer falsified either the existence of an informant or any of the informant's allegations.

Larson next contends the trial court erred in not requiring disclosure of all information about a heroin sale allegedly observed by the informant and mentioned in the search warrant affidavit. Larson contends that a deputy prosecuting attorney told Larson's counsel that the alleged sale was made to the confidential informant and not to a third party as Larson contends the affidavit implies. Larson's theory is that if the sale had in fact been made to the informant, the government intentionally misrepresented that fact and, under *State v. Goodlow, supra,* the evidence seized pursuant to the search warrant must be suppressed. Larson argues that CrR 4.7 and unspecified "case law" require disclosure of all information regarding the alleged heroin sale.

We reject this contention. Neither CrR 4.7 nor any case of which we are aware requires disclosure of this information. Larson again failed to make the requisite substantial initial showing of misrepresentation by a government agent that would have compelled an evidentiary hearing under *Franks* and *Goodlow*.

We, likewise, reject Larson's final contention, that the police violated the "knock and announce" rule in entering Larson's residence. The requirement that forcible entry by police officers be preceded by an announcement of their identity and purpose enjoys federal constitutional status. *Ker v. California*, 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623 (1963). Also, the requirement is codified at RCW 10.31.040. The trial court here found the officers made the required announcement of their identity and purpose before they entered Larson's residence. Although we attach significant weight to the trial court's findings of fact, we must, where a constitutional right is at stake, conduct our own independent review of the record. *State v. Hoffman*, 64 Wn.2d 445, 392 P.2d 237 (1964). In doing so, we find the record supports the trial court's finding that the officers properly announced their identity and purpose before entering Larson's residence. The length of time an officer must wait, after he has announced his identity and purpose, before forcing entry to a residence depends on the circumstances of each case. *State v. Edwards*, 20 Wn. App. 648, 581 P.2d 154 (1978). Whether officers waited a reasonable time before forcing entry is a factual determination to be made primarily by the trial court. *State v. Jones*, 15 Wn. App. 165, 547 P.2d 906 (1976). Here, the trial court found the officers waited a reasonable time after their announcement before entering the house. Again, we find the record supports the trial court's finding.

The judgment is affirmed.

CALLOW, C.J., and DORE, J., concur.