[No. 12657-1-I. Division One. July 23, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES ROBERT CASAL, *Appellant.*

*Thomas M. Tarpley,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ricardo Martinez, Deputy,* for respondent.

DURHAM, C.J.—James R. Casal appeals his conviction of violation of the Uniform Controlled Substances Act, following a bench trial on stipulated facts. He claims that, at the pretrial suppression hearing, the court erred by not requiring the State to produce the confidential informant upon whose observations the search warrant was issued. We find no error and affirm.

On April 20, 1982 at approximately 11 a.m., detectives of the Seattle Narcotics Unit executed a search warrant at Casal's residence. The warrant was based upon a police detective's affidavit stating that a reliable confidential informant had been inside Casal's residence in the preced-

ing 24 hours, and had observed a quantity of marijuana growing and packaged as if for sale. During the search, the police discovered and confiscated approximately 45 plants that later proved to be marijuana.

Prior to trial, Casal moved to suppress the evidence seized pursuant to the warrant. He argued that the supporting affidavit was insufficient to establish probable cause, and that it contained statements that were intentionally false or in reckless disregard of the truth. Casal also moved for an order directing the prosecution to disclose the whereabouts of Randy Batham, whom Casal alleged to be the confidential informant. Casal stated in an affidavit that Batham had come to him after the arrest and indicated that he was the police informant. Casal indicated that Batham would testify that he had never seen marijuana inside Casal's house, but had heard about it from another source. According to Casal, Batham would testify that the detective's affidavit misrepresented the information Batham had given to the police. Casal noted that his own attempts to locate Batham had been unsuccessful.

The court denied both motions, and found Casal guilty of possession of marijuana with intent to deliver. Casal appeals the trial court's refusal to order disclosure of the informant for purposes of obtaining his testimony.

Generally, when an informant is *named* and a proper showing of need is made, a defendant may obtain the informant's testimony to challenge the truth of factual statements in a search warrant affidavit. *Franks v. Delaware,* 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). In *Franks,* an affidavit in support of a search warrant relied on statements by two named informants. The defendant sought the informants' testimony at a suppression hearing to impeach facts recited in the affidavit. The Supreme Court held that, pursuant to the fourth and fourteenth amendments to the United States Constitution, the defendant was entitled to a hearing concerning the truth of the facts alleged in the affidavit. *Franks,* 438 U.S. at 155–56.

To obtain a *Franks* hearing, a defendant must do more than make a conclusory allegation of bad faith by the affiant. The defendant must allege deliberate falsehood or reckless disregard for the truth and furnish a detailed offer of proof, preferably in the form of affidavits. The offer of proof must challenge the veracity of the affiant, not that of the informant. Finally, the defendant must specify the portions of the affidavit claimed to be false, and the challenged portions must be necessary to the finding of probable cause. *Franks,* 438 U.S. at 171–72; *State v. Sweet,* 23 Wn. App. 97, 100–01, 596 P.2d 1080 (1979).

██ When a search warrant affidavit contains information supplied by a confidential informant, however, a defendant cannot compel disclosure of the informant's identity in order to challenge factual statements in the affidavit. *State v. Larson,* 26 Wn. App. 564, 568, 613 P.2d 542 (1980). In such cases, the government's need to protect the identity of informants outweighs the defendant's interest in challenging the probable cause for an arrest or search.[1] *McCray v. Illinois,* 386 U.S. 300, 313, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967); *State v. Edwards,* 6 Wn. App. 109, 114–15, 491 P.2d 1322 (1971). In support of this ruling, the *McCray* Court noted that (1) probable cause issues do not bear upon the fact finding aspects of a criminal trial; (2) allowing the disclosure of informants for such purposes would vitiate the informant privilege; and (3) the defendant's Fourth Amendment rights are sufficiently protected by a judicial assessment of the basis for probable cause and of the veracity of the affiant. *McCray,* 386 U.S. at 306–08. A

---

[1] On the other hand, the United States Supreme Court has held that fundamental fairness requires the disclosure of an unknown informant's identity when his testimony would be relevant to the determination of an accused's guilt or innocence. *Roviaro v. United States,* 353 U.S. 53, 60–61, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957). If a defendant makes such showing, the trial court must conduct an in camera hearing to review the informant's testimony. *State v. Harris,* 91 Wn.2d 145, 150, 588 P.2d 720 (1978); *State v. Allen,* 27 Wn. App. 41, 48, 615 P.2d 526 (1980). Because Casal requests the informant's testimony concerning the existence of probable cause to search rather than guilt or innocence, *Roviaro* is inapplicable here.

majority of jurisdictions follows the *McCray* rule. *See* Annot., 76 A.L.R.2d 262 (1961), Later Case Serv. at 455 (1975).

Pursuant to *Franks* and *McCray,* therefore, a defendant's right to an informant's testimony concerning probable cause issues depends on the applicability of the informant privilege. In this case, the question before the court was if the informant privilege had been waived. If so, Casal was entitled to proceed with a *Franks* hearing to challenge the sufficiency of the search warrant. If not, the trial court properly denied Casal's request pursuant to *McCray* and *Larson.* Some discussion of the nature of the informant privilege is helpful in reviewing the trial court's ruling.

In Washington, the governmental informant privilege is recognized both by statute and court rule. *State v. Harris,* 91 Wn.2d 145, 148, 588 P.2d 720 (1978); RCW 5.60.060(5); CrR 4.7(f)(2).[2] The privilege allows the government to withhold the identity of informants who have supplied it with information concerning criminal activity. The purpose of the privilege is to foster the government–informant relationship. As stated by McCormick:

> Informers are shy and timorous folk, whether they are undercover agents of the police or merely citizens stepping forward with information about violations of law, and if their names were subject to be readily revealed, this enormously important aid to law enforcement would be almost cut off.

E. Cleary, *McCormick on Evidence* § 111, at 236 (2d ed. 1972). The privilege is not absolute. CrR 4.7(f)(2) states that the privilege is subject to a defendant's constitutional

---

[2]RCW 5.60.060(5) provides:

"A public officer shall not be examined as a witness as to communications made to him in official confidence, when the public interest would suffer by the disclosure."

CrR 4.7(f)(2) states:

"*Informants.* Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe upon the constitutional rights of the defendant. Disclosure of the identity of witnesses to be produced at a hearing or trial shall not be denied."

rights of disclosure. RCW 5.60.060(5) limits exercise of the privilege to cases where the "public interest" would suffer by disclosure. The privilege was also subject to several qualifications at common law. *See* 8 J. Wigmore, *Evidence* § 2374(f), at 765–69 (rev. 1961). However, in a criminal proceeding, the burden is on the defendant to show that circumstances exist which justify an exception to the privilege of nondisclosure of the identity of an informant. *State v. Driscoll*, 61 Wn.2d 533, 536, 379 P.2d 206 (1963).

Casal contends that the informant privilege is inapplicable in this case because he knows the identity of the informant. He relies upon the common law rule that the privilege is inapplicable if the informant's identity is admitted or known. *See* J. Wigmore, at 766; *Roviaro v. United States*, 353 U.S. 53, 60, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957).[3] Casal first argues that, at a minimum, his affidavit presented a sufficient showing to require the trial court to conduct an in camera hearing with the informant concerning the alleged waiver of the privilege. Alternatively, Casal argues that, based upon his affidavit, the trial court should have concluded that the privilege was waived and granted his motion to disclose the location of the informant.

The in camera procedure is a generally acknowledged device for determining if a privilege is to be honored. *See Harris,* at 150; *Cook v. King Cy.,* 9 Wn. App. 50, 53–54, 510 P.2d 659 (1973); CrR 4.7(h)(6).[4] An in camera hearing is

---

[3]We agree that, in some cases, when the identity of a confidential informant is known, no purpose is served by the State's claim of privilege. *See, e.g., State v. Dick,* 362 So. 2d 547 (La. 1978) (when informant is present at suppression hearing to testify on behalf of defendant's *Franks* challenge, it is error to curtail defense counsel's examination of informant on the grounds of privilege).

[4]CrR 4.7(h)(6) states:

"*In Camera Proceedings.* Upon request of any person, the court may permit any showing of cause for denial or regulation of disclosure, or portion of such showing, to be made in camera. A record shall be made of such proceedings. If the court enters an order granting relief following a showing in camera, the entire record of such showing shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal."

particularly appropriate in settling disputed questions of the applicability of the informant privilege. As stated in *United States v. Moore*, 522 F.2d 1068, 1072–73 (9th Cir. 1975), *cert. denied*, 423 U.S. 1049 (1976):

> The *in camera* procedure provides an equally–acceptable accommodation of the competing interests of the Government and the accused in the situation presented here, wherein the question is whether a law enforcement officer has lied. Through disclosure of the informer's identity to the trial judge, and such subsequent inquiries by the judge as may be necessary, the Government can be protected from any significant, unnecessary impairment of necessary secrecy, yet the defendant can be saved from what could be serious police misconduct.

 To be entitled to an in camera hearing in a case such as this, the defendant must present a substantial showing that the informant privilege is inapplicable. Such a showing could be based on the common law, court rule, or statutory versions of the privilege. Necessarily, what constitutes a substantial showing depends upon the facts and circumstances of each case. We hold that Casal did not make a sufficient showing of a waiver of the informant privilege to be entitled to an in camera hearing. The only evidence of a waiver was Casal's affidavit. Absent some corroborating evidence, a self–serving declaration in the defendant's affidavit is not sufficient to entitle him to an in camera hearing on the applicability of the privilege.[5]

For the same reasons, we reject Casal's argument that his

---

[5]Casal argues that the recent Ninth Circuit decision in *United States v. Kiser*, 716 F.2d 1268 (9th Cir. 1983) is controlling. We disagree. Not only is the reasoning in *Kiser* elusive, the facts are clearly distinguishable. There, the defendant made a factual challenge to a search warrant affidavit which relied on information from a confidential informant. The defendant in that case presented an affidavit from a person who claimed to be the informant. The informant's affidavit indicated that the police affidavit was inaccurate in several essential respects. *Kiser*, 716 F.2d at 1272. Based upon this showing, the Court of Appeals, in a divided opinion, ordered an in camera hearing to determine if the person named by the defendant was in fact the government informant. The court also advised the trial court to make a preliminary inquiry into the merits of the *Franks* challenge. *Kiser*, 716 F.2d at 1273.

affidavit conclusively established a waiver of the informant privilege. To hold that such a showing established a waiver of the privilege would expose confidential informants to disclosure, and the ominous consequences thereof, based upon little more than a lucky guess and a self–serving affidavit.

The judgment is affirmed.

ANDERSEN, J., concurs.

RINGOLD, J. (dissenting)—Casal submitted an affidavit and offer of proof to the trial court setting forth Batham's admission that he was the informant and detailing the factual discrepancies between the affidavit in support of the warrant and the information Batham claimed to have given the police. After reviewing this material, the trial judge stated that Batham "appears to be the informant." Under these circumstances, I would hold that Casal made a sufficient showing to justify an in camera hearing on the applicability of the informant privilege.

Disclosure of an informant's identity is governed by CrR 4.7(f)(2):[6]

> *Informants.* Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe upon the constitutional rights of the defendant. Disclosure of the identity of witnesses to be produced at a hearing or trial shall not be denied.

The informant's privilege is not absolute, even when disclosure of the informant's identity is relevant only to the determination of probable cause, *United States v. Kiser,* 716 F.2d 1268, 1271 (9th Cir. 1983); *United States v. Anderson,* 509 F.2d 724 (9th Cir. 1974), *cert. denied,* 420 U.S. 910, 42 L. Ed. 2d 840, 95 S. Ct. 831 (1975), because the warrant clause of the Fourth Amendment is premised upon the affiant's good faith. *See Franks v. Delaware,* 438 U.S.

---

[6]To the extent that RCW 5.60.060(5) is inconsistent with this rule, it is superseded by the rule. CrR 1.1.

154, 164, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). It is impossible to determine from the record before us whether the failure to disclose the informant's identity will infringe upon Casal's Fourth Amendment rights. An informed resolution of this question is dependent upon an in camera hearing.

In concluding that Casal did not make a sufficient showing for an in camera hearing, the majority distinguishes *State v. Dick,* 362 So. 2d 547 (La. 1978), where the defendant produced the informant, and *United States v. Kiser, supra,* where the defendant presented an affidavit from the informant. In so doing, the majority effectively holds that the defendant must produce a sworn statement from the alleged informant admitting his identity prior to any inquiry into the applicability of the privilege. This places an unfair evidentiary burden on the defendant. Here, Casal made several attempts to serve Batham with a subpoena but was unable to locate him. Part of Casal's motion was directed to requiring the State to disclose Batham's location. As noted by our Supreme Court, the whereabouts of the informer is as important to the defendant as the identity of the informer. *State v. Harris,* 91 Wn.2d 145, 152, 588 P.2d 720 (1978).

Casal made a substantial preliminary showing that Batham was the informant and that the affidavit misstated crucial facts. Under these circumstances, the proper procedure is for the court to hold an in camera hearing to determine whether Batham was, in fact, the informant. This procedure would in no way prejudice the rights of the State or the safety of the informant and would further society's interest in preventing serious police misconduct. Casal concedes that if the court is satisfied that Batham is not the informant, the inquiry is ended.

If the court determines that Batham is the informant, the in camera hearing must be extended to determine whether Casal is entitled to disclosure of Batham's identity and to an open evidentiary hearing under *Franks v. Delaware, supra.* Resolution of these questions depends upon

whether Casal has made a threshold substantial showing of falsehood by the affiant. *See United States v. Kiser, supra* at 1273. If the court determines that such a showing has been made, Casal is entitled to disclosure of the informant's identity and a *Franks* hearing. At the *Franks* hearing, it would be Casal's burden to establish by a preponderance of the evidence that the affiant made intentional or reckless misrepresentations necessary to finding probable cause to issue the warrant. *Franks,* 438 U.S. at 156.

I would vacate Casal's conviction and remand to the trial court for an in camera hearing and, if necessary, a *Franks* hearing. In the event the trial court found that Casal is not entitled to a *Franks* hearing, or if such a hearing were held and Casal did not establish his claim, the court could reinstate the judgment of conviction.

I dissent.

Review granted by Supreme Court November 2, 1984.