[Nos. 5294–6–II; 5322–5–II.  Division Two.  August 16, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY EUGENE MORGAN, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. MARTHA JANE MORGAN, *Appellant.*

*Richard F. DeJean,* for appellants.

*Don Herron, Prosecuting Attorney,* and *Michael Johnson, Deputy,* for respondent.

PETRICH, A.C.J.—Larry and Martha Morgan appeal their convictions of possession of controlled substances.

The primary issues raised by this appeal are: (1) whether addressees of a sealed package transported by a private courier have standing to object to an illegal search of the package; (2) whether reopening and chemical testing of the package's suspected contents by the police was a significant expansion of a prior examination by a private party so as to amount to a separate warrantless search without exigent circumstances proscribed by the Fourth Amendment; and (3) if the package search was illegal, was it so attenuated from a subsequent search warrant of defendants' home as to free the search warrant from its illegal taint.

We resolve these issues against the State and reverse. Our disposition of the case obviates the need to address the other issues raised by the appellants.

On July 8, 1980, a package was consigned to a private courier in Los Angeles for delivery to the Morgans' address in Sumner, Washington. That evening the curious courier opened the package. Inside the outer shipping envelope, which had been stapled about "9000 times" and taped, was a smaller envelope. Inside the smaller envelope was a cassette box and inside the cassette box was a bag containing white powder. The courier did not know what the powder

was but his suspicions were aroused. He resealed the package and called the Los Angeles police. At their request the courier delivered the package to the police. Without first obtaining a search warrant the police opened the package, removed a sample of the powder and tested it. The powder was determined to be cocaine.

The Los Angeles police contacted police in Washington and sent the package via air freight to a Washington police officer. Upon its arrival in Washington, the package was delivered to the Morgans' home by a police officer disguised as a courier. While the house was kept under surveillance a search warrant was obtained. Pursuant to that warrant the Morgans' home was searched and marijuana, cocaine and various items associated with drug use were seized from the premises.

After a series of hearings in superior court initiated by the Morgans' motion to suppress evidence, the judge held that the Los Angeles search was legally accomplished by a private citizen and that the Morgans had no standing to contest the legality of the search and seizure of the package by the Los Angeles police. The Morgans were each convicted of possession of both the cocaine and the marijuana found in their home.

■ The ruling that the Morgans have no standing to contest the legality of the package's search by Los Angeles police was incorrect. One may object to a search if he has a legitimate expectation of privacy which has been invaded. *Rawlings v. Kentucky,* 448 U.S. 98, 65 L. Ed. 2d 633, 100 S. Ct. 2556 (1980); *Rakas v. Illinois,* 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421 (1978). The condition of the package at the time of consignment is the best indicator of what expectation of privacy could legitimately be attributed to its contents during shipment. *Walter v. United States,* 447 U.S. 649, 652 n.12, 65 L. Ed. 2d 410, 100 S. Ct. 2395 (1980). The fact that this package contained a bag, wrapped in a cassette box, inside successive shipping envelopes, the outer

of which was heavily taped and stapled, is strong evidence in support of Mr. Morgan's testimony that the package was expected to be free from public inspection.[1] There is no doubt that the intended recipients for whose benefit the package was so completely sealed were the Morgans. The package bore the Morgans' home address. The package's named addressee was the Morgans' family business.[2] The participation of both Mr. and Mrs. Morgan in that business was established by the State at trial.[3] Mr. Morgan testified that he was expecting the package, and it was Mrs. Morgan who accepted the package and signed the receipt when the package was delivered to the Morgan residence. As addressees of a sealed package the Morgans were entitled to an expectation that the package's contents would remain free from inspection; thus the Morgans have standing to object to the Los Angeles search.[4] *United States v. Richards,* 638 F.2d 765 (5th Cir.), *cert. denied,* 454 U.S. 1097 (1981). *See United States v. Van Leeuwen,* 397 U.S. 249, 25 L. Ed. 2d 282, 90 S. Ct. 1029 (1970).

The suppression hearing judge's ruling that the Los Angeles search was accomplished legally by a private party

---

[1]The only evidence indicating that inspection of the package en route was contemplated was the stipulation of the parties that a consent to inspection form had been signed upon consignment to the courier. This stipulation was based entirely on incorrect information provided by the State and should have been corrected when it was discovered that no consent form had been signed. *Levy v. Sheehan,* 3 Wash. 420, 28 P. 748 (1892).

[2]The Morgans' business is known as LEM Construction; the package was addressed to LM Construction at the Morgans' address.

[3]A company check showed that the business was run from the family home and that both Mr. and Mrs. Morgan are authorized to use company funds.

[4]Division Three of this court has tacitly recognized the rule we now expressly adopt, that the recipient of a package shipped by common carrier possesses a legitimate expectation of privacy in the package's contents. *State v. Wolohan,* 23 Wn. App. 813, 818, 598 P.2d 421 (1979).

was also incorrect. The facts that the police were lawfully in possession of the package and that the package had previously been inspected by a private party do not excuse the failure of the police to obtain a search warrant. The courier had gone no further than discovering white powder of an unknown variety. When the police reopened the package they also did not know what the powder was. Even if the package had been delivered to the police in an open condition, exposing its contents to plain view, the police could not legally exceed the scope of the private search unless they had the right to make an independent search. The removal and analysis of the powder was significant expansion of the private search and therefore must be characterized as a separate search. This independent search was not justified by a search warrant, the owner's consent, or any exigency; it was a search proscribed by the Fourth Amendment. *Walter v. United States, supra.*

■ Any evidence acquired solely through the exploitation of information obtained from the illegal package search may not be used against the Morgans. *Wong Sun v. United States,* 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963); *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 64 L. Ed. 319, 40 S. Ct. 182, 24 A.L.R. 1426 (1920); *State v. Moore,* 29 Wn. App. 354, 628 P.2d 522 (1981); *State v. Johnson,* 16 Wn. App. 899, 559 P.2d 1380 (1977); *State v. Keefe,* 13 Wn. App. 829, 537 P.2d 795 (1975). The search warrant pursuant to which the Morgan home was searched was procured entirely on the basis of information obtained during the illegal package search. The marijuana and cocaine which the Morgans were convicted of possessing were seized during the search of the Morgan home authorized by that tainted search warrant.

The Morgans were convicted on the strength of evidence gathered as the fruit of unlawful police conduct. Without that evidence no case could be established. Therefore, the

convictions are reversed and the charges against the Morgans are dismissed.

PETRIE and WORSWICK, JJ., concur.