[No. 15918–6–I.   Division One.   July 28, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v.
FRANK DOLD, *Appellant.*

*David Anthony Kastle,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Colin Crowell Kippen, Jr., Deputy,* for respondent.

RINGOLD, A.C.J.—The defendant, Frank Dold, appeals from a conviction of violation of the Uniform Controlled Substances Act, RCW 69.50.401(a). He challenges the constitutionality of a detective reading, without a search warrant, a letter contained in an envelope addressed to the police. We hold that the trial court properly denied the motion to suppress the evidence.

The relevant facts are not in dispute. On January 26, 1984, Detective Mark Edmonds of the King County Police Drug Enforcement Unit received an envelope from an anonymous sender. The envelope was addressed: "Attn: Narcotics, King County Police, Courthouse—516 Third Ave., Seattle, WA 98104." Inside the envelope, Edmonds found another envelope from a Gina Hearne of Alaska addressed to Frank Dold. Upon the front of the envelope addressed to Dold was written "Delivered to wrong address and opened in error." On the back of the envelope was written "Attn., Narcotics, King County Courthouse."

Edmonds noted that the envelope addressed to Dold had already been opened. He removed the letter inside and read it. The contents revealed that Dold had access to drugs and was possibly selling them. On the basis of this knowledge, Edmonds called telephone directory assistance and obtained a listing for Frank Dold. He then called Dold, and introduced himself as a friend of Gina from Alaska. Edmonds told the defendant that he knew Gina had been obtaining LSD from Dold, and asked if Dold would be able to obtain some LSD and other controlled substances for him. Dold agreed to sell Detective Edmonds marijuana and LSD. A meeting was arranged for this purpose.

As a result of this investigation and the ensuing events, Dold was charged with violation of the Uniform Controlled Substances Act, RCW 69.50.401(a). Dold moved to dismiss asserting that in reading the letter addressed to him, Detective Edmonds was conducting an illegal search and that all the evidence obtained thereafter should be suppressed as the fruit of unlawful police conduct. The court denied the motion.

After a bench trial upon stipulated facts, Dold was found guilty of possession of marijuana with intent to deliver in violation of RCW 69.50.401(a). Dold appeals contending that the court erred in denying his motion to suppress. We consider the facts as governed by the state and federal constitutions.

## FOURTH AMENDMENT

It has long been recognized that the Fourth Amendment[1] prohibition against unreasonable searches and seizures protects persons only against governmental actions and not the actions of private citizens acting on their own initiative. *E.g., Burdeau v. McDowell,* 256 U.S. 465, 475, 65

---

[1]U.S. Const. amend. 4 provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

L. Ed. 1048, 41 S. Ct. 574, 13 A.L.R. 1159 (1921); *State v. Bishop,* 43 Wn. App. 17, 20, 714 P.2d 1199 (1986); *State v. Ludvik,* 40 Wn. App. 257, 262, 698 P.2d 1064 (1985); *State v. Gonzales,* 24 Wn. App. 437, 440, 604 P.2d 168 (1979), *review denied,* 93 Wn.2d 1028 (1980). A subsequent warrantless search by the government that does not exceed the bounds of the prior private search likewise does not violate the Fourth Amendment. *United States v. Jacobsen,* 466 U.S. 109, 80 L. Ed. 2d 85, 104 S. Ct. 1652, 1657 (1984); *Walter v. United States,* 447 U.S. 649, 65 L. Ed. 2d 410, 100 S. Ct. 2395 (1980); *State v. Bishop, supra* at 20.

If the private person is acting in concert with the authorities or under the authority of the state, however, Fourth Amendment protections do apply. *United States v. Walther,* 652 F.2d 788 (9th Cir. 1981); *Kuehn v. Renton Sch. Dist. 403,* 103 Wn.2d 594, 694 P.2d 1078 (1985); *State v. Wolfe,* 5 Wn. App. 153, 155, 486 P.2d 1143, *review denied,* 80 Wn.2d 1002 (1971). No per se rule can be formulated to determine if a private citizen is acting as an agent of governmental authorities. Each case must be determined by its own circumstances. While a close working relationship with the authorities may make a person the agent of the police, *State v. Birdwell,* 6 Wn. App. 284, 288, 492 P.2d 249, *review denied,* 80 Wn.2d 1009, *cert. denied,* 409 U.S. 973, 34 L. Ed. 2d 237, 93 S. Ct. 346 (1972), mere evidence that the private person's purpose was to aid the authorities is insufficient to transform a private search into a government search. *State v. Ludvik, supra* at 263; *State v. Sweet,* 23 Wn. App. 97, 100, 596 P.2d 1080 (1979).

The trial judge who considered Dold's motion to suppress concluded that Detective Edmonds' reading of the letter addressed to Dold fell within the private search doctrine as recently enunciated in *United States v. Jacobsen, supra.* He found that a private citizen inadvertently opened and read the letter addressed to Dold which the citizen then sent to the police. The judge also found that Edmonds' reading of the letter did not exceed the scope of the private search because the citizen must have read the letter in

order to ascertain that the letter should be sent to the Narcotics Division of the police department.

Dold contends there was no evidence before the court to support either the finding that Dold's letter was sent by a private citizen, or that the citizen had read the letter.

■ Unless evidence is adduced that the individual was acting as an agent of or in concert with governmental authorities, the Fourth Amendment prohibitions are inapplicable. *State v. Sweet, supra* at 99–100; *Hutchinson v. State,* 477 N.E.2d 850, 853 (Ind. 1985). Thus, the burden is on the defendant to present evidence that indicates collusion between the citizen informant and the police. Failing this, we must conclude that no collusion existed.

Dold argues, however, that since the citizen informant was anonymous, the requirements of *Aguilar–Spinelli*[2] should have been met before Detective Edmonds read the letter. This argument is without merit. *Aguilar–Spinelli* is applied to determine if a warrant, issued on an anonymous tip, is valid. It has no application to the facts of this case where the search by the detective did not exceed the scope of the private search.

It should be recognized that while the anonymity of the citizen informant may make it more difficult for the defendant to demonstrate that the informant was acting in concert with the government, the burden should nonetheless remain with the defendant. The situation is analogous to that where a defendant wishes to challenge the contents of an affidavit in support of a warrant. The affidavit is presumed to be valid and an attack upon it must consist of more than mere conclusory allegations. *Franks v. Delaware,* 438 U.S. 154, 171, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978); *State v. Sweet, supra* at 100–01. Likewise, we must assume that an anonymous informant is not functioning as an undercover agent of the authorities absent facts to support such a conclusion. Barring any evidence to the contrary, the

---

[2]*Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969).

trial judge was correct in concluding that the envelope containing the letter addressed to Dold was sent to the police by a private citizen.

Dold next contends that the anonymity of the private citizen in this case precludes determination of the scope of the search conducted by the citizen. This assertion is not founded in law or logic.

■ The judge concluded that the private search, at a minimum, extended to the reading of the letter addressed to Dold. The judge made this inference based upon the fact that the citizen obviously must have known the content of the letter in order to ascertain that the letter should be sent to the Narcotics Division of the police department. The stipulated facts support this reasonable inference and we will not disturb the ruling. *State v. Reyes,* 104 Wn.2d 35, 39, 700 P.2d 1155 (1985). Accordingly, the trial court was correct in denying Dold's motion to suppress on Fourth Amendment grounds.

## Const. art. 1, § 7[3]

Dold next asserts that Detective Edmonds' reading of the letter violated article 1, section 7[4] of the Washington Constitution. Aside from this bald assertion, Dold's brief is devoid of citation to authority or analysis on this issue.[5] We will nonetheless address it.

■ Recently, in *State v. Ludvik, supra,* this court con-

---

[3]On the basis of the record before this court, it appears that Dold only alleged a Fourth Amendment violation in his motion to suppress. Though Dold may be raising a Const. art. 1, § 7 violation for the first time on appeal, this court must entertain the contention since it is of constitutional magnitude. *State v. Russell,* 101 Wn.2d 349, 354, 678 P.2d 332 (1984); *State v. Green,* 94 Wn.2d 216, 231, 616 P.2d 628 (1980) (and cases cited therein).

[4]Const. art. 1, § 7 provides: "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

[5]It should be noted that in *State v. Gunwall,* 106 Wn.2d 54, 59, 720 P.2d 808 (1986), the Supreme Court recently delineated five nonexclusive factors that should be considered in determining whether the state constitution should be interpreted as being more protective of individual rights than the federal constitution.

sidered whether the private search doctrine was applicable to surveillance conducted by a state game warden. The court indicated that Const. art. 1, § 7 affords no more protection from private searches than the Fourth Amendment.

> The history and origins of both the fourth amendment to the United States Constitution and article 1, section 7 of the Washington State Constitution clearly show they were intended as a restraint upon sovereign authority; in the absence of state action, they have no application regardless of the scope of protection which would otherwise be afforded under either provision.

*Ludvik,* at 262. Since no state action was evident in Dold's case, Const. art. 1, § 7 is inapplicable.

The judgment and sentence is affirmed.

SWANSON and COLEMAN, JJ., concur.