UNITED STATES of America,
Plaintiff–Appellee,

v.

Bruce A. MULDER,
Defendant–Appellant.

No. 88–1450.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 1989.

Decided Nov. 8, 1989.

Roger S. Ruffin, Ruffin & Rotwein, San Francisco, Cal., for defendant-appellant.

Joseph P. Russoniello, Rory K. Little, Asst. U.S. Atty., Sanford Svetcov, Michael J. Yamaguchi, Dept. of Justice, San Francisco, Cal., for plaintiff-appellee.

Before HUG, FARRIS and REINHARDT, Circuit Judges.

FARRIS, Circuit Judge:

We set forth the facts of this novel and unique matter in *United States v. Mulder,* 808 F.2d 1346, 1347–49 (9th Cir.1987). On the basis of probable cause developed prior to and independently of the first unlawful testing, a warrant was applied for and obtained in February 1988 permitting a chemical test of the tablets found in Mulder's suitcase. Mulder appeals the denial of his motion to suppress the results of the second test.

## DISCUSSION

### I. WAIVER

▇ Mulder argues for the first time on appeal that the affidavit supporting the request for a search warrant was prejudicial because it informed the magistrate of the results of the earlier warrantless testing and of our decision in *Mulder I.* Under most circumstances, a failure to raise a particular ground in a motion to suppress before trial constitutes waiver, in the absence of "cause shown." *United States v. Restrepo–Rua,* 815 F.2d 1327, 1329 (9th Cir.1987). *See also United States v. Houser,* 804 F.2d 565, 570 (9th Cir.1986) (evidentiary questions cannot be raised for the first time on appeal in the absence of plain error). Although Mulder failed to raise these exact grounds before the district court, his claims are not waived because this failure was not due to any "belated decision to change trial tactics," *United States v. Gonzales,* 749 F.2d 1329, 1336 (9th Cir.1984), but was caused by a recent Supreme Court case that directly affected his claim. *See United States v. Anderson,* 663 F.2d 934, 939 n. 4 (9th Cir.1981) (government's failure to raise issue before trial court did not preclude raising that issue later, in response to an intervening Supreme Court decision).

Mulder's new claim is derived from *Murray v. United States,* 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988), which was decided after the parties filed briefs in the district court. *Murray* clarified the standards for independent source cases like this one. Mulder responded to the *Murray* decision by recrafting his arguments on appeal to fit within that decision's framework. The intervening *Murray* decision constitutes "cause shown."

### II. THE LEGALITY OF THE SEARCH

The analysis of an independent source case like this one is controlled by *Murray.* There, the Court held,

The ultimate question ... is whether the search was in fact a genuinely independent source of the information and tangible evidence at issue here. This would not have been the case if the agents'

decision to seek the warrant was prompted by what they had seen during the initial [illegal search] or if information obtained during that entry was presented to the Magistrate and affected his decision to issue the warrant.

108 S.Ct. at 2535–36 (footnote omitted). Mulder argues that the testing of the tablets found in his luggage fails this test for two reasons: (1) the long delay between the actual discovery of the pills and the government's acquisition of a search warrant was unreasonable and excessive; and (2) the affidavit supporting the request for a search warrant was prejudicial because it informed the magistrate of the results of the earlier warrantless testing and of this court's decision in *Mulder I.*

### A. The Long Delay

■ Mulder argues that the two year delay between the time of the actual discovery of the pills and the time when they were finally tested pursuant to a legal search warrant was unreasonable and excessive. According to Mulder, the long time lapse made it impossible for the government to show that the police would have sought a warrant and discovered the evidence independently even had the prior illegal search not occurred as required by *Murray*, 108 S.Ct. at 2534, n. 2 and *Nix v. Williams*, 467 U.S. 431, 444 n. 5, 104 S.Ct. 2501, 2509 n. 5, 81 L.Ed.2d 377 (1984). In other words, Mulder claims that the police officer's decision to seek a warrant for the chemical testing must have been affected by the fact that the pills had been illegally tested long before, the results were known to the officer, and the pills were in police custody for two years. If true, this would implicate the " 'search first, warrant later' mentality" that courts must be wary of in order to prohibit the use of confirmatory searches. *See Murray*, 108 S.Ct. at 2534, n. 2.

There is ample evidence however, that the search warrant was sought on the basis of probable cause developed independently of the first unlawful testing. *Cf. United*

*States v. Boatwright*, 822 F.2d 862 (9th Cir.1987) (no independent source of probable cause). The police had lawful custody of the pills and could clearly see that the tablets were marked with the distinctive labeling of methaqualone tablets ("Lemmon 714"). In *Mulder I* we recognized that these circumstances "undoubtedly provided probable cause to seek a warrant." 808 F.2d at 1349. The police officer's decision to seek a search warrant was not affected by the prior illegal search; therefore the search was legal. *See Murray*, 108 S.Ct. at 2534, n. 3 ("[W]hat counts is whether the actual illegal search had any effect in producing the warrant, not whether some hypothetical illegal search would have aborted the warrant.").

Nor does the fact that there was a two-year delay require a different result. While a time delay in obtaining a warrant has been held to constitute a basis for holding the search illegal, *see, e.g., United States v. Dass*, 849 F.2d 414 (9th Cir.1988) (delay of 23 days found unconstitutional), there are two distinctions which taken together cause us to uphold the search in this case. First, in contrast to *Murray*, 108 S.Ct. at 2532 (where only eight hours elapsed between the first illegal search and issuance of the warrant), the government obtained Mulder's property lawfully and not as the result of an unlawful search. Moreover, Mulder never made a motion for the return of the pills or asserted any legal challenge to the government's right to retain them.[1] Second, the time lapse was the result of the judicial appeal process rather than any dilatory tactics on the part of the government. The Court stated in *Murray* that the government should not "be placed in a worse position than it otherwise would have occupied" because of the exclusionary rule. 108 S.Ct. at 2535. Obviously an appeal based on the exclusionary rule would be included in this admonishment. The government sought a warrant in a reasonable period of time after it had exhausted its appeals. Because both factors, lawful

---

1. We note that Mulder's possessory interest in the pills was minimal. *See Warden v. Hayden*, 387 U.S. 294, 306 n. 11, 87 S.Ct. 1642, 1649 n. 11, 18 L.Ed.2d 782 (1967) (government's interest in contraband is superior to the possessor's).

possession and legitimate delay, were present we hold that the length of time that the government maintained possession of the pills does not require us to hold the search unlawful.

B. Information Presented to the Magistrate

■ Mulder also argues that the search was illegal because the affidavit supporting the request for a search warrant informed the magistrate of the results of the earlier warrantless testing and so prejudiced the magistrate's judgment. Mulder bases this argument on the statement in *Murray* that it is critical whether "information obtained during that [first illegal] entry was presented to the Magistrate *and* affected his judgment." 108 S.Ct. at 2535 (emphasis added). Mulder assumes that the presence of the first factor—presentation of the information from the first search—automatically implicates the second—the judgment of the magistrate. We have found this assumption to be false. *See, e.g., U.S. v. Merriweather,* 777 F.2d 503, 506 (9th Cir.1985); *United States v. Alexander,* 761 F.2d 1294, 1299–1300 (9th Cir. 1985). The government did refer to the prior search in the affidavit supporting the search warrant, but it did not rely on that information and asked the magistrate not to consider the prior search in making his decision.[2] Nothing in the record supports Mulder's claim that the information of the prior search did in fact affect the magistrate's decision.

AFFIRMED.

---

**2.** The government revealed the results of the first search to the magistrate only in order to avoid a claim of deliberate concealment under

*Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).