STATE of North Dakota, Plaintiff
and Appellant,

v.

Mark RODE, Defendant and Appellee.

Cr. No. 890337.

Supreme Court of North Dakota.

June 1, 1990.

Wendy P. Schulz, State's Atty., Jamestown, for plaintiff and appellant.

William A. Mackenzie, of the firm of Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for defendant and appellee.

LEVINE, Justice.

The State appeals from a trial court order suppressing evidence seized without a warrant. We reverse and remand.

Pursuant to company policy regarding undeliverable packages, an employee of United Parcel Service opened a package addressed to defendant Mark Rode and discovered a "suspicious" white substance inside. UPS called special agent Jim Lobsinger of the North Dakota Crime Bureau who examined the contents of the package which UPS laid out before him. Lobsinger, who was "fairly certain" the substance was cocaine, a controlled substance, then seized the contents. Taking the evidence with him to the Jamestown Law Enforcement Center, he tested some of the substance to determine if it was, indeed, cocaine. He then resealed the package, returned it to UPS and arranged a controlled delivery of the package to Rode. Rode was arrested and charged with possession with intent to manufacture or deliver a controlled substance. He moved to suppress the evidence, based upon Art. I, § 8 of the North Dakota constitution.

Relying on *State v. Morgan*, 32 Wash. App. 764, 650 P.2d 228 (Wash.Ct.App.1982) [overruled *State v. Bishop*, 714 P.2d 1199 (Wash.Ct.App.1986) ], the trial court deter-

mined that the "defect in the present case was the failure of the police to obtain a search warrant prior to taking the substance back to the law enforcement center where they tested it." In ordering the evidence suppressed, the trial court did not explain whether the "defect" to secure a warrant violated the fourth amendment of the federal constitution, as was the holding in *Morgan*, or Art. I, § 8 of the state constitution, as Rode argued. We assume that because the trial court relied on *Morgan*, it found a violation of the fourth amendment and therefore did not consider the state constitutional issue, or if it did, found a parallel violation.

On appeal, the State argues, inter alia, that the warrantless testing of the drugs was constitutionally permissible under both the fourth amendment of the federal constitution and Art. I, § 8 of the North Dakota constitution. We agree.

In *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), the United States Supreme Court held that law enforcement personnel's performance of a field test of contraband uncovered by a private search was neither an unreasonable seizure nor a search under the fourth amendment. The warrantless seizure of the package was not unreasonable because the addressee's "privacy interest in the contents of the package had been largely compromised" by the private search and "it was apparent that the [package] contained contraband and little else." *Id.* at 121, 104 S.Ct. at 1660. The Court reminded us that "it is constitutionally reasonable for law enforcement officials to seize 'effects' that cannot support a justifiable expectation of privacy without a warrant, based on probable cause to believe they contain contraband." *Id.* at 121–22, 104 S.Ct. at 1660–61.

Nor was the field test, conducted without a warrant to determine whether the substance was cocaine, an unlawful search under the fourth amendment. Because the test was conducted merely to disclose whether a particular substance was cocaine, it did not compromise any legitimate interest in privacy and, therefore, was not a "search" for fourth amendment purposes. *Id.* at 120, 104 S.Ct. at 1660. Any expectation of privacy was only "remotely compromised." *See id.* at 121, 104 S.Ct. at 1660. The destruction of some of the material during the test was not an illegal seizure because of the "*de minimis* impact on any protected property interest." *Id.* at 125, 104 S.Ct. at 1663. *Cf. State v. Kesler*, 396 N.W.2d 729 (N.D.1986) [postmaster's detention of package was minimal intrusion on possessory interest of defendant-addressee and was reasonable seizure under fourth amendment].

■ Because the fourth amendment does not apply to non-governmental action, the invasions of privacy occasioned by law enforcement must be tested by the degree to which they exceeded the private search. *Jacobsen*, 466 U.S. at 115, 104 S.Ct. at 1657.

■ This case involves a test conducted away from the location of the seizure. In that sense it is distinguishable from *Jacobsen* and its progeny. However, under the facts of this case, does that distinction make a difference? We cannot see how any legitimate expectation of privacy which remained after the private search was more than "remotely compromised" by the simple test conducted in the law enforcement center rather than on site. Rode has not argued that the test of the materials in this case differs from the test in *Jacobsen*, or that *Jacobsen* is not determinative of at least the fourth amendment question. No argument has been posited that either the complexity of the test or any delays in the process significantly expanded the scope of the private search so as to compromise any privacy interest. *Cf. United States v. Mulder*, 808 F.2d 1346 (9th Cir.1987) [a series of sophisticated tests conducted in a toxicology laboratory several days after tablets were seized and designed to reveal the molecular structure of a substance required warrant]; *State v. von Bulow*, 475 A.2d 995 (R.I.1984) [chemical testing of pills not clearly illegal substances, a week following private search, was significant expansion of private search and required warrant]. The record discloses that the test here, although conducted at the law

enforcement center, was the functional equivalent of a field test. Like the field test in *Jacobsen*, the test in this case "merely disclose[d] whether or not [the] particular substance [was] cocaine." *Jacobsen*, 466 U.S. at 123, 104 S.Ct. at 1661. We conclude, therefore, that the testing of suspected contraband did not compromise any legitimate expectation of privacy and was not a search under the fourth amendment.

█ Rode asserts that he should be afforded greater protection under Art. I, § 8 of the North Dakota constitution than that afforded by the fourth amendment of the United States constitution. We have recognized that our North Dakota constitution may afford broader rights than those granted under an equivalent provision of the federal constitution. *State v. Orr*, 375 N.W.2d 171, 178 n. 6 (N.D.1985). *See State v. Stockert*, 245 N.W.2d 266 (N.D.1976). However, like the fourth amendment, Art. I, § 8 of the North Dakota constitution is not implicated unless a reasonable expectation of privacy is invaded. *E.g., Lubenow v. State Highway Comm'r*, 438 N.W.2d 528 (N.D.1989). Rode has not disclosed what, if any, reasonable expectation of privacy may be asserted in a package whose contents are searched by a private entity and disclosed to law enforcement agents who then have probable cause to believe those contents are drugs and who conduct a simple test to determine if the material is cocaine. *Compare Luck v. Southern Pacific Transp. Co.*, 218 Cal.App.3d 1, 267 Cal.Rptr. 618 (Cal.Ct.App.1990) [when privacy right is implicated (urine testing) there must be compelling interest to justify intrusion]. Having been alerted to no reasonable privacy interest which was at stake, we conclude that the warrantless testing did not violate Art. I, § 8 of the North Dakota constitution.

Because the testing was not a search under either the state or federal constitution, the trial court erred in determining that a warrant was required. Accordingly, the trial court's order of suppression is reversed and the case is remanded.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.