953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Safiriru Adekunle DISU, Defendant-Appellant.
 No. 90-50402.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1992.*
Decided Jan. 29, 1992.
 
 Before FARRIS, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Safiriru Adekunle Disu was convicted of making a false statement to a government agent and failing to report transportation of over $10,000 out of the country. Because the money he attempted to remove from the country was allegedly derived from funds embezzled by his cousin, and the district court found he had knowledge of the origin of these funds, his base offense level was increased by five levels. There was sufficient evidence for the convictions, the "exculpatory no" defense does not provide a complete defense for Disu, and no seizure took place. We affirm.
 
 
 3
 * A
 
 
 4
 In order to prove that Disu violated 31 U.S.C. § 5316 (1988), the government had to prove that Disu knew (1) he was transporting funds in excess of $10,000, and (2) that the law required him to file a report. United States v. Ibarra-Alcarez, 830 F.2d 968, 974 (9th Cir.1987). Disu does not contest that he knew he was carrying in excess of $10,000, but claims he did not know he was required to make a report.
 
 
 5
 However, a review of the sufficiency of the evidence views evidence in the light most favorable to the government. United States v. Mason, 902 F.2d 1434, 1441 (9th Cir.1990). The entire case was based on witness testimony, and we give special deference to the district court for the interpretation of such testimony. United States v. Padilla, 888 F.2d 642, 645 (9th Cir.1989). Moreover because Disu did not renew his motion for judgment of acquittal at the close of the evidence, we can only review for plain error so as to prevent a miscarriage of justice. United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991); United States v. Torres-Rodriguez, 930 F.2d 1375, 1386 (9th Cir.1991).
 
 
 6
 The government claims that Disu's filling out of the customs form--which states that any traveller must report over $10,000--was sufficient to prove knowledge of the legal requirement of filling out the report. Indeed, the Ninth Circuit has found this is sufficient. United States v. Rodriguez, 592 F.2d 553, 556-57 (9th Cir.1979). Disu claims, however, that (1) he never read the form because of his inability to comprehend English or Spanish; (2) because of his inability to be understood, there was a great deal of miscommunication; and (3) he did not hear the announcement over the loudspeaker, because he was asleep.[1]
 
 
 7
 However, there was evidence presented to the district court that Disu's knowledge of English was sufficient to understand the form he signed, understand the posted signs, and understand Fortini's explanation, even if he did sleep through the announcements. The customs officials testified that they conversed with Disu in English. Disu took courses taught in English and received As and Bs. These courses included engineering courses, as well as courses on the United States government and the Constitution. Disu also received a certificate from his school stating that he has the required English proficiency. These facts, in addition to the fact that Disu read and signed the 4790 Form, and the fact that Disu was told of the requirements by Fortini, were sufficient evidence for the district court to find beyond a reasonable doubt that Disu had knowledge of the currency reporting requirements. Although the district court did not prepare any specific findings of fact, we must be "mindful of [the appellate court's] duty to assume that the district court resolved any evidentiary conflicts in favor of its conclusion that each of the elements of a violation of section 53116(a)(1)(A) had been proved beyond a reasonable doubt." Alzate-Restreppo, 890 F.2d at 1065 (citation omitted).
 
 B
 
 8
 Disu also claims there was insufficient evidence to prove a violation of 18 U.S.C. § 1001 (1988)--making a false material statement to the Customs Officer. The government had to have proven that (1) the statement was material to custom's activities, United States v. Facchini, 874 F.2d 638, 641-43 (9th Cir.1989) (en banc); and (2) Disu had intent and knowledge that the statement was false, United States v. Vaughn, 797 F.2d 1485, 1490 (9th Cir.1986). There is no contention that the statement was not material to custom's activities. Disu claims, however, that he did not knowingly make a false statement and merely misunderstood what was being asked of him. Disu claims he did not read the form, and was told by Fortini to write $10,000 on the form. Disu argues he had no intent to deceive as proven by the fact that be voluntarily gave Fortini the $50,000 he was carrying with him.
 
 
 9
 There was certainly sufficient evidence, assuming the facts most favorable to the government, for the district court to find knowledge of making a false statement. As stated above, there was a great deal of evidence to indicate that Disu had a good understanding of English. Unless there was plain error, we are not at liberty to reverse. There was no plain error.
 
 C
 
 10
 Disu claims the use of the statements made to Fortini violated his right not to incriminate himself--the "exculpatory no" defense. This issue was not raised in the district court. The government argues that this issue was waived because "under most circumstances, a failure to raise a particular ground in a motion to suppress before trial constitutes waiver, in the absence of 'cause shown.' " United States v. Mulder, 889 F.2d 239, 240 (9th Cir.1989). There are three conditions under which we may review these issues. Id.
 
 
 11
 First, Disu must show exceptional circumstances explaining the failure to raise issues in the trial court. Disu makes no showing in this respect. Second, Disu must show a change in the law. Disu, however, relies on old cases. Third, there can be no prejudice to the government. Here some of the issues are factual and not legal issues--such as whether Disu was pushed. Therefore the government is correct is alleging that they would be prejudiced in not having an opportunity to offer contrary evidence. Under this three-part test, then, Disu has waived this defense. Although, we may still review for plain error. See United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.) (when defendant raises issue for the first time on appeal, review is for plain error), cert. denied 493 U.S. 863 (1989). There was no plain error, for there was evidence to show that this was a prearrest, administrative stop. The "exculpatory no" defense is inapplicable in such situations. See United States v. Becker, 855 F.2d 644, 646 (9th Cir.1988).
 
 D
 
 12
 Disu seems to be asking for suppression of illegally seized evidence, although this issue also was not raised in the district court. Therefore, failure to raise this ground in a motion to suppress in the district court waived this defense for the same reasons discussed with respect to the "exculpatory no" defense. See Mulder, 889 F.2d at 240, and discussion supra. There was no plain error in determining that Fortini's activities did not constitute a seizure. This case is controlled by United States v. Safirstein, 827 F.2d 1380, 1383 (9th Cir.1987).
 
 E
 
 13
 Disu also makes the argument that he involuntarily consented to producing the $50,000. The government is correct in pointing out that such a defense is inconsistent with the claim Disu had stressed throughout this case--that he voluntarily gave the money to Fortini within a few minutes of Fortini's request.
 
 
 14
 Disu also argues that the totality of the circumstances rendered involuntary the consent to produce the $50,000. Disu claims that considerations that make the situation coercive were: (1) lack of sleep; (2) he was asked to write $10,000; (3) Fortini spoke too fast; and (4) Disu did not speak English in Nigeria. However, even when making this argument, Disu states in that section of his brief, that "he voluntarily produced $50,000." Clearly, no coercive search took place, and the alleged facts, in light of the entire record, do not make out a case of coercion on the part of Fortini which forced Disu to give the $50,000 to Fortini.
 
 F
 
 15
 Disu argues that the district court's inference that he knew the $50,000 was derived from embezzled funds was unreasonable. Our review for the application of the Guidelines is de novo; our review of the court's factual findings is for clear error. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). Disu's sentencing base level was increased by five levels, pursuant to Sentencing Guideline § 2S1.3(b)(1), as a result of this factual finding by the district court.
 
 
 16
 The district court made a specific factual finding that "taken together with all of the evidence in the case, it made a pretty convincing position that your client did in fact know [that the funds were derived from the embezzlement of his cousin]. And I am prepared to make a finding that he did." 6/25/90 RT at 11. Given our review for clear error of the district court's factual findings, we affirm. There was substantial evidence presented at the sentencing hearing for the district court to conclude that Disu had knowledge that the $50,000 was "criminally derived."
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Disu is correct that this fact distinguishes the instant case from United States v. Alzate-Restreppo, 890 F.2d 1061 (9th Cir.1989). In that case knowledge was found, but the defendant had admitted to hearing the public address system explanation of the currency reporting requirements. Id. at 1064. However, Alzate-Restreppo's disanalogy does not necessitate our finding plain error on the part of the district court