981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred ETHRIDGE, Defendant-Appellant.
 No. 89-50336.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Dec. 15, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Ethridge appeals his conviction and sentence for two counts of possession of cocaine base with intent to distribute. 28 U.S.C. § 841(a)(1). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.
 
 QUANTITY OF COCAINE
 
 3
 Ethridge contends it was error for the jury to determine the amount of cocaine in his possession, rather than the district court. He acknowledges that this error was not raised below, but asserts that his case comes within the first exception to the waiver rule; i.e., that there was an intervening change in the law. United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984).
 
 
 4
 The case of United States v. Sotelo-Rivera, 931 F.2d 1317 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992), on which Ethridge relies, did intervene between his conviction and his appeal. However, it did not change the law. Prior to Ethridge's trial, this court had held that the specific quantity of a controlled substance was not an element of the offense of possession with intent to distribute. United States v. Klein, 860 F.2d 1489, 1494-95 (9th Cir.1988); United States v. Normandeau, 800 F.2d 953, 956 (9th Cir.1986).
 
 
 5
 Ethridge's reliance on United States v. Mulder, 889 F.2d 239, 240-41 (9th Cir.1989), is also misplaced. Mulder is distinguishable because in that case an intervening Supreme Court decision provided an additional ground for invalidating a search warrant, giving Mulder a new claim for reversal. Sotelo-Rivera gave Ethridge no argument he did not already have at the time of his conviction. Therefore, Ethridge waived this issue by not raising it before the district court.
 
 
 6
 Moreover, alleged factual inaccuracies in a Presentence Report must be raised in the district court; otherwise, they are waived. United States v. Lujan, 936 F.2d 406, 412 (9th Cir.1991); see also United States v. Belden, 957 F.2d 671, 674-75 (9th Cir.) (failure to make an argument in district court objecting to the number of marijuana plants either in objections to the Presentence Report or elsewhere precluded appellate review), cert. denied, 113 S.Ct. 234 (1992).
 
 
 7
 Although Ethridge did object to other factual assertions contained in the Presentence Report, he did not dispute the quantity of cocaine. Therefore, he is precluded from objecting on appeal.
 
 THE SUPPRESSION ISSUE
 
 8
 Ethridge next argues that the district court erred in denying his motion to suppress because his confession was not voluntary. He contends that because the agents made promises of leniency in return for his cooperation, his incriminatory statements were coerced.
 
 
 9
 Motions to suppress are reviewed de novo, United States v. Homick, 964 F.2d 899, 903 (9th Cir.1992), while factual findings are reviewed for clear error. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992). We also review de novo the voluntariness of a defendant's confession. Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992). The district court's determination that a defendant's waiver is knowing and intelligent is reviewed for clear error. Id. at 416.
 
 
 10
 Ethridge's failure to sign a waiver of rights before the second interview does not automatically render subsequent statements involuntary, and the district court may properly find Ethridge waived his Miranda rights despite the failure to sign the form. North Carolina v. Butler, 441 U.S. 369, 371, 373-76 (1979); United States v. Boyce, 594 F.2d 1246, 1249-50 (9th Cir.), cert. denied, 444 U.S. 855 (1979).
 
 
 11
 The district court heard testimony from Ethridge and from the agents who interviewed him. The district court's findings that the agents had advised Ethridge of his rights and that he had waived those rights are not clearly erroneous.
 
 
 12
 In addition to the direct evidence of waiver, Ethridge's conduct gives rise to an inference of waiver. He asked the agents to meet with him, and testified "the meeting was not like an interrogation, it was just talking, like a regular conversation." This also tends to refute his claim of coercion.
 
 
 13
 We also reject Ethridge's claim that his statements were involuntary because the agents promised him leniency in return for his cooperation. Statements obtained through coercion or threats, by direct or implied promises or by improper influence are involuntary. United States v. Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988) (citing Hutto v. Ross, 429 U.S. 28, 30 (1976)). However, the promise "must be sufficiently compelling to overbear the suspect's will in light of all attendant circumstances." Id. Moreover, an agent's promise to inform the prosecution about a suspect's cooperation, even when accompanied with a promise to recommend leniency or with an agent's speculation that cooperation will have a positive effect, does not render a subsequent statement involuntary. Id.
 
 
 14
 In this case, the agents specifically told Ethridge that all charging and sentencing decisions would be left up to the prosecution and judge, respectively. Agent Georges also told Ethridge that all of the information obtained from Ethridge would be relayed to the U.S. Attorney's Office and he would be charged accordingly. Considering the totality of circumstances, Ethridge's will was not overborne. He cooperated freely and was not coerced into making the statements.
 
 
 15
 Reviewing the denial of the motion to suppress de novo, with due regard for the district court's factual determinations, we hold that the motion to suppress was properly denied.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3