17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David CAMPOS, Defendant-Appellant.
 No. 88-5340.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1993.
Submission Vacated Jan. 28, 1993.
Resubmitted Nov. 10, 1993.
Decided Dec. 10, 1993.
 
 Before: BROWNING, POOLE, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court did not abuse its discretion in declining to conduct a suppression hearing to determine whether Campos waived his Miranda rights prior to speaking with agent Cordova.
 
 
 3
 Campos did not move to suppress evidence of his confession prior to trial, as required by Fed.R.Crim.P. 12(b)(3). Failure to make such a motion pretrial "shall constitute waiver thereof." Fed.R.Crim.P. 12(f); United States v. Booker, 952 F.2d 247, 249 (9th Cir.1991). Moreover, Campos did not object when Cordova testified to his waiver of Miranda rights and confession.
 
 
 4
 Campos argues he objected as soon as he knew the Miranda procedures were potentially deficient. However, Campos knew what he told the agent or at least whether the issue merited investigation through a pretrial motion or timely questioning of the agent at trial. Campos has not shown the "cause" required by Rule 12(f) to excuse a failure to file a suppression motion prior to trial. Cf. United States v. Mulder, 889 F.2d 239, 240 (9th Cir.1989).
 
 
 5
 Because Campos's appeal is without merit, he cannot show the prejudice that is a prerequisite to the due process violation he alleges, despite the extreme delay of nearly four and a half years between filing of the notice of appeal and submission for decision. See United States v. Tucker, No. 87-5090, slip. op. 12153, 12158 (9th Cir. Oct. 29, 1993) (en banc) ("[W]here the claims asserted on appeal would not entitle the defendant to reversal, appellate delay does not result in prejudice."); United States v. Antoine, 906 F.2d 1379, 1382 (9th Cir.1990) ("a due process violation cannot be established absent a showing of prejudice to the appellant").
 
 
 6
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3